Filed 2/27/13  P. v. Martinez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B239550 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. VA120779) |
| AGUSTINE MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Leland H. Tipton, Judge.  Affirmed.

Karlin & Karlin, and Marc A. Karlin for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Agustine Martinez appeals from the trial court's denial of his motion to withdraw his guilty plea. Martinez, who is not a United States citizen, asserts on appeal that he received ineffective assistance of counsel because he was not advised of the immigration consequences of his guilty plea. We affirm the trial court's ruling.

**FACTS**

In a felony complaint dated July 19, 2011, Martinez was charged with one count of oral copulation/sexual penetration of a child under 10 and three counts of committing a lewd act upon a child. (Pen. Code, §§ 288.7, subd. (b), 288, subd. (a).)[1] Martinez was appointed a public defender and pled not guilty during the arraignment on July 19, 2011. He subsequently retained private counsel and changed his plea to no contest as to one count of committing a lewd act upon a child in exchange for a sentence of eight years in state prison. He signed an advisement of rights, waiver and plea form, which also required that he initial beside the warning that his "plea of guilty or no contest will result in . . . deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty." This form was translated to Spanish by the court interpreter for him. He was also advised of the immigration consequences of his plea orally by the trial court. As a result, the trial court found that the waivers, including the one regarding the immigration consequences of his plea, were made "knowingly, understandingly, and explicitly made."

Martinez moved to withdraw his plea on January 13, 2012, on the ground that he failed to understand the immigration consequences of his plea at the time he made it. In a supporting declaration, Martinez stated:

"4. I am making this request to withdraw my no contest plea because I was not aware, at the time of making said plea, that the plea would mean I would be ineligible to stay in the United States without any type of immigration relief. I entered this no contest plea without an understanding of what would happen to me.

---

[1] All further section references are to the Penal Code unless otherwise specified.

"5. Moreover, my then-attorney, Manuel Eli Gonzalez, before I made my plea to this Court, never fully informed me of the charges that were pending against me. Further, Mr. Gonzalez never reviewed any of the police reports with me prior to my plea on October 27, 2011, including my recorded interview with deputies of the Los Angeles County Sheriff's Department. Additionally, Mr. Gonzalez never informed me that I would be subject to a term of eight years in state prison due to my plea. Moreover, Mr. Gonzalez did not discuss my possible defenses to the charges filed against me prior to the taking of my plea."

Martinez admitted that he did sign the plea form, which was translated into Spanish for him, and that the court orally advised him of his waivers. Nevertheless, he was too nervous that day to fully understand the immigration consequences of his plea. He also maintained his innocence and claimed any incriminating statements made to sheriff deputies were coerced and made under duress or trickery.

Following a hearing on February 6, 2012, his motion was denied. Judgment was entered on February 21, 2012, reflecting a sentence of eight years in state prison. He was given a total credit of 237 days, which included 206 days actual custody and 31 days good time/work time credit. Martinez timely filed his appeal with a certificate of probable cause.

## DISCUSSION

Martinez contends on appeal the trial court erred when it denied his motion to withdraw his plea because he received ineffective assistance of counsel and did not understand the immigration consequences of his plea. We review the trial court's denial of the motion to withdraw the plea for abuse of discretion and find no error. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

A defendant may seek to withdraw a plea of guilty for good cause shown at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended. (§ 1018.) Ineffective assistance of counsel may constitute good cause to set aside a plea. (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1142.) In order to prevail on a claim of ineffective assistance of counsel, a defendant

3

must show: (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced defendant, i.e., he would have rejected the plea bargain and insisted on a trial. (*Strickland v. Washington* (1984) 466 U.S. 668, 690, 694; *Hill v. Lockhart* (1985) 474 U.S. 52, 58-59.) It is the defendant's burden to prove by a preponderance of the evidence his entitlement to relief. (*In re Resendiz* (2001) 25 Cal.4th 230, 253, abrogated on another ground in *Padilla v. Kentucky* (2010) 559 U.S. 356, ___;130 S.Ct. 1473, 1484 (*Padilla*).)

The Supreme Court has held that where the deportation consequence of a guilty plea is clear, defense counsel has a duty to correctly advise the defendant of those consequences and a failure to do so amounts to deficient assistance of counsel under prevailing professional standards. (*Padilla*, *supra*, 130 S.Ct. at pp. 1483-1485.) Prejudice, i.e., a defendant's assertion that he would not have pled guilty must be corroborated independently by objective evidence, such as whether counsel actually and accurately communicated the offer to the defendant, whether the defendant was amenable to negotiating a plea bargain, whether the prosecutor might ultimately have agreed to a conviction that would have allowed the defendant to avoid adverse immigration consequences, the actual disparity between the sentence offered in the bargain and the one risked by going to trial, and the probable outcome of a trial had once been held. (*In re Resendiz, supra,* 25 Cal.4th at p. 253; *In re Alvernaz* (1992) 2 Cal.4th 924, 945.)

The record clearly reflects Martinez was advised of the immigration consequences of his plea. The trial court orally informed Martinez that if he was not a citizen of the United States, his plea would "cause [him] to be deported, denied re-entry and denied naturalization in this country." In the plea form that Martinez admitted was translated to him, he placed his initials in the box next to an advisement of the same immigration consequences. Martinez signed that plea form indicating "I have read and initialed each of the paragraphs above and discussed them with my attorney. My initials mean that I have read, understand and agree with what is stated in the paragraph. . . ." Gonzalez signed the same plea form, below a paragraph indicating he reviewed the form with Martinez and explained to him the consequences of the plea.

4

Likewise, Martinez has failed to present evidence of prejudice resulting from the ineffective assistance of counsel. He presented no evidence the prosecution was willing to agree to a plea that would allow him to avoid subsequent deportation. Neither did he explain how he would have avoided conviction had he gone to trial. The record shows, instead, that the plea bargain allowed Martinez to avoid a potential life sentence in exchange for eight years in state prison. Martinez faced one count of oral copulation/sexual penetration of a child under 10, which carries a term of 15 years to life, and three counts of committing a lewd act upon a child, which each carry a maximum sentence of eight years. (§§ 288.7, subd. (b), & 288, subd (a).) Though he claims they were made under duress, Martinez acknowledges he "made incriminating statements" in an interview with Los Angeles County Sheriffs. Other than a general declaration of innocence, Martinez makes no attempt to describe any defenses that were available to him or what evidence may have exonerated him.

## DISPOSITION

The order denying Martinez's motion to withdraw his plea is affirmed.


BIGELOW, P. J.


We concur:


RUBIN, J.


FLIER, J.

5